UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| RUBEN CAMACHO, | ) | |
| | ) | |
| Petitioner, | ) | 2:06-CV-0642-RLH-PAL |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| SHERMAN HATCHER *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

Petitioner Ruben Camacho is a state prisoner proceeding *pro se* on a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254. Before the Court are respondents' Motion to Dismiss Petition for a Writ of Habeas Corpus (Docket # 13), petitioners' Response (Docket # 18), and respondents' Reply (Docket # 19).

**I.     Background**

On August 10, 2001, the State charged petitioner Camacho with three counts (Counts I-III) of trafficking in a controlled substance pursuant to NRS 453.3385(2), and one count (Count IV) of trafficking in a controlled substance pursuant to NRS 453.3385(3). Camacho originally pled not guilty to all charges. On November 26, 2001, Camacho moved to suppress evidence obtained during a warrantless search of his vehicle. The district court held an evidentiary hearing and ultimately denied the motion to suppress evidence. On December 7, 2001, Camacho pled guilty to Counts II, III, and IV. On May 17, 2002, the court sentenced Camacho on Count II to 24-84 months; on Count

III to 24-84 months, concurrent to Count II, and on Count IV to 120-300 months, consecutive to Counts II and III. On direct appeal to the Nevada Supreme Court, Camacho raised arguments challenging the denial of his motion to suppress evidence. On August 29, 2003, the Nevada Supreme Court affirmed the conviction in a published decision, *Camacho v. State*, 119 Nev. 395, 75 P.3d 370 (2003).

On August 26, 2004, Camacho filed a *pro per* petition for writ of habeas corpus in the state district court, arguing ineffective assistance of counsel. (Respondents' Exhibit 48). The district court held an evidentiary hearing and denied the petition, by order filed October 31, 2005. Camacho appealed to the Nevada Supreme Court from the district court's denial of his habeas petition. On April 7, 2006, the Nevada Supreme Court affirmed. On May 2, 2006, remittitur issued. On May 17, 2006, Camacho mailed his federal petition for a writ of habeas corpus to this Court.

## II.     Motion to Dismiss Grounds 1, 2, and 3 of Petition as Unexhausted

Respondents argue that petitioner's federal habeas corpus petition must be dismissed because petitioner's claims are unexhausted. A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404

U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry,* 513 U.S. 364, 365 (1995); s*ee Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy,* 455 U.S. 509, 520 (1982)).

### A.   Grounds One and Two

Respondents argue that petitioner's claims in Grounds One and Two of his federal habeas petition are unexhausted because petitioner's Fast Track Statement, which was filed in the Nevada Supreme Court on appeal from district court's denial of the state habeas petition, does not include all of the facts that are alleged in the federal habeas petition.

Ground One of petitioner's federal habeas petition claims that: "Petitioner was in custody in violation of his right to Due Process of Law as guaranteed by the Fifth and Fourteenth Amendment to the United States Constitution, as Petitioner's decision to plead guilty was predicated exclusively on the ineffective assistance of counsel." (Federal Habeas Petition, at p. 3). Ground Two of petitioner's habeas petition claims that: "Petitioner is in custody in violation of his right to the effective assistance of counsel under the Sixth and Fourteenth Amendment to the United States Constitution, because his decision to plead guilty was predicated exclusively upon the ineffective assistance of counsel." (Federal Habeas Petition, at p. 5). Additional pages of factual allegations and legal arguments are attached to Grounds One and Two of the form habeas petition, as discussed below. (Federal Habeas Petition, at pp. 3A-3D and pp. 5A-5F).

Petitioner's Fast Track Statement, filed on appeal from the district court's denial of the state habeas petition, contains the following Statement of Facts: "As stated in his petition, Camacho's habeas complaint really boiled down to an allegation that his guilty plea was involuntary because it was predicated on ineffective assistance of counsel. Specifically, Camacho alleged that

1  Mr. Cameron, his trial counsel, informed him that he would only receive a sentence of 2-7 years
2  imprisonment because the sentence of 10-25 years on his other trafficking count would be thrown
3  out on appeal by the Nevada Supreme Court." (Fast Track Statement, filed January 13, 2006, at ¶
4  19, Respondents' Exhibit 66).
5      Petitioner's state habeas petition, filed in the state district court, went into more
6  factual detail than the Fast Track Statement did, in that petitioner included the specific statements
7  made to him by his trial counsel regarding his guilty plea.  Ground One of the petition alleged
8  ineffective assistance of counsel based on counsel's promise to him that petitioner would "receive a
9  sentence of 2 to 7 . . . with a right to appeal a 10 to 25 year sentence which counsel would win on
10 appeal." (State Habeas Petition, at p. 8, filed August 26, 2004, Respondents' Exhibit 48). The state
11 habeas petition also included the following statements: "[t]hat counsel could win his case, then later
12 telling Petitioner that there was nothing he could do unless he gave up some people . . ."; "[t]hat the
13 State did not like [H]ispanics . . . "; [t]hat the State had made an offer, and that it was the best deal
14 because Petitioner would lose at trial"; "[t]hat the most they could give Petitioner was two (2) years
15 because he was young, it was his first time, and he had never been to prison or in any trouble."
16 (State Habeas Petition, at p. 8, filed August 26, 2004, Respondents' Exhibit 48). These same factual
17 allegations were made with respect to Ground 2 of the state habeas petition. (State Habeas Petition,
18 at p. 13, filed August 26, 2004, Respondents' Exhibit 48). As respondents' point out, petitioner
19 appears to have photocopied pages from his state habeas petition and included them in his federal
20 habeas petition. Thus, pages 3A-3D of the federal habeas petition are same as pages 8-11 of the state
21 habeas petition. Similarly, pages 5A-5F of the federal habeas petition are the same as pages 13-18 of
22 the state habeas petition.
23     A claim is not exhausted unless the petitioner has presented to the state court the
24 *same operative facts* and legal theory upon which his federal habeas claim is based. *Bland v.*
25 *California Dept. of Corrections,* 20 F.3d 1469, 1473 (9th Cir. 1994) (emphasis added). The
26 exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence

4

1  which place the claim in a *significantly different posture* that it was in the state courts, or where
2  *different facts* are presented at the federal level to support the same theory.  *See Nevius v. Sumner,*
3  852 F.2d 463, 470 (9th Cir. 1988) (emphasis added); *Pappageorge v. Sumner,* 688 F.2d 1294, 1295
4  (9th Cir. 1982); *Johnstone v. Wolff,* 582 F. Supp. 455, 458 (D. Nev. 1984).

5  As noted above, the factual allegations of Grounds One and Two of the federal habeas
6  petition are exact copies of allegations taken directly from the state habeas petition.  In appealing the
7  denial of the state habeas petition, these same factual issues were presented to the Nevada Supreme
8  Court.  That the Fast Track Statement contains an abbreviated version of the facts does not mean that
9  Grounds One and Two are unexhausted.  Pursuant to the Nevada Rules of Appellate Procedure, a
10 Fast Track Statement is filed in lieu of an opening brief in expedited appeals.  NRAP 3C.  A Fast
11 Track Statement is limited to 10 pages and must include "a *concise statement* summarizing all facts
12 material to a consideration of the issues on appeal."  NRAP 3C(e)(1)(iii) (emphasis added).  Thus,
13 the factual statement of the case in the Fast Track Statement must necessarily contain a shorter
14 version of the facts than the original state habeas petition contained.  This Court finds that petitioner
15 presented the same operative facts to the Nevada Supreme Court as are now presented in Grounds
16 One and Two of petitioner's federal habeas petition.  Accordingly, the Court finds that Grounds One
17 and Two of the federal habeas petition are exhausted.

18 **B.     Ground Three**

19 Respondents argue that petitioner's claims in Ground Three of his federal habeas
20 petition are unexhausted.  The Court agrees.

21 Ground Three of the federal habeas petition claims a violation of petitioner's Fourth,
22 Fifth, and 14th Amendment rights based on "Illegal Search and Seizure, Due Process, and Equal
23 Protection."  (Federal Habeas Petition, at p. 7).  Petitioner frames Ground Three as follows:
24 "Whether the state district court and the Nevada Supreme Court erred in dismissing Petitioner[']s
25 Motion to Suppress Evidence seized from his vehicle following his arrest in violation of his Fourth,
26 Fifth, and Fourteenth Amendment rights to the United States Constitution."  (Federal Habeas

5

Petition, at p. 7).

On direct appeal to the Nevada Supreme Court, petitioner raised the following legal issue: "Were the drugs seized from Camacho's vehicle without a warrant still admissible based on any of the exceptions to the warrant requirement articulated by the District Court. Specifically, the search incident to arrest exception, or the doctrine of inevitable discovery based on either the theory of inventory search or a search pursuant to seizure of the vehicle for forfeiture." (Fast Track Statement, filed July 29, 2002, at ¶ 22, Respondents' Exhibit 29). On review of the legal arguments made in the Fast Track Statement and appellate Opening Brief, petitioner presented his claims to the Nevada Supreme Court, predicated on *New York v. Belton*, 453 U.S. 454 (1981) and *Chimel v. California*, 395 U.S. 752 (1969), which were decided under the Fourth and Fourteenth Amendments. However, petitioner did not present due process, equal protection, and Fifth Amendment claims to the Nevada Supreme Court on direct appeal.

Petitioner also did not present the claims raised in Ground Three to the Nevada Supreme Court in his state habeas petition. The claims in Ground Three of the federal habeas petition were included in plaintiff's state habeas petition filed in the district court. (State Habeas Petition, at pp. 20-28, filed August 26, 2004, Respondents' Exhibit 48). It is noted that pages 7A-7I of the federal petition are duplicates of pages 20-28 of the state habeas petition. However, no claims regarding the warrantless search of petitioner's vehicle were raised in the Fast Track Statement filed in the appeal of the denial of the state habeas petition. (Fast Track Statement, filed January 13, 2006, Respondents' Exhibit 66).

Accordingly, the Court finds that the due process, equal protection, and Fifth Amendment claims in Ground Three of the federal habeas petition were not presented to the Nevada Supreme Court and thus are unexhausted.

**II.    Fourth Amendment Claim: Dismissal as Not Cognizable**

Ground Three of Camacho's federal habeas petition is as follows: "Whether the state district court and the Nevada Supreme Court erred in dismissing Petitioner[']s Motion to Suppress

1  Evidence seized from his vehicle following his arrest in violation of his Fourth, Fifth, and Fourteenth
2  Amendment rights to the United States Constitution." (Federal Habeas Petition, at p. 7).  Defendants
3  move to dismiss petitioner's Fourth Amendment claim as not cognizable.

4  Where a state has provided a defendant with a full and fair opportunity to litigate a
5  Fourth Amendment claim, "a state prisoner may not be granted federal habeas corpus relief on the
6  ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."
7  *Stone v. Powell,* 428 U.S. 465, 495 (1976); s*ee also Kuhlmann v. Wilson,* 477 U.S. 436, 446-47
8  (1986).  The Supreme Court has determined that excluding Fourth Amendment claims from habeas
9  corpus review created no danger that the courts would deny a safeguard against compelling an
10  innocent man to suffer an unconstitutional loss of liberty because a convicted defendant seeking
11  review of a Fourth Amendment claim on collateral review is "usually asking society to redetermine
12  an issue that has no bearing on the basic justice of his incarceration." *Kuhlmann,* 477 U.S. at 447.

13  In Count Three, petitioner asserts that the warrantless search of his vehicle should
14  have barred admission of evidence taken, in violation of petitioner's Fourth Amendment rights.  It is
15  clear from the record that petitioner was given a full and fair opportunity to litigate his Fourth
16  Amendment claim before the state courts. *See Terrovona v. Kinchloe,* 912 F.2d 1176 (9th Cir. 1990);
17  *Abell v. Raines,* 640 F.2d 1085 (9th Cir. 1981).  Specifically, petitioner filed a motion to suppress
18  evidence obtained during the warrantless search of his vehicle.  The state district court held an
19  evidentiary hearing on the motion to suppress.  The district court then denied the motion.  After
20  entering his guilty plea, Camacho raised the Fourth Amendment claim on direct appeal to the
21  Nevada Supreme Court.  The Nevada Supreme Court issued a published opinion, *Camacho v. State*,
22  119 Nev. 395, 75 P.3d 370 (2003), affirming the district court's denial of petitioner's motion to
23  suppress.  The Fourth Amendment claim raised in the federal habeas petition was exhaustively
24  litigated in the state court below.  Because petitioner had the opportunity to fully and fairly litigate
25  the Fourth Amendment claim that he now presents in his federal habeas petition, this Court is
26  precluded from reviewing that claim and it will be dismissed.

### III. Conclusion

As discussed above, the claims in Grounds One and Two of the federal habeas petition are exhausted. The Fourth Amendment claim in Ground Three of the federal habeas petition is not cognizable and will be dismissed. The due process, equal protection, and Fifth Amendment claims in Ground Three of the federal habeas petition are not exhausted. Because the Court finds that the petition is a mixed petition, containing both exhausted and unexhausted claims, petitioner has several options. In the past, it has been the practice of this Court to permit a petitioner the option of abandoning his unexhausted claims and proceeding on the merits of those that are properly exhausted or voluntarily dismissing the action without the entry of judgment, to permit a return to state court. However, in *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed some limitations upon the discretion of this Court to facilitate habeas petitioners' return to state court to exhaust claims. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277.

Because petitioner's federal habeas petition is a mixed petition containing exhausted and unexhausted claims, it must be dismissed by this Court. Prior to dismissing this case, however, petitioner will be provided the following three options:

1. He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims;

2. He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice but will not be stayed during his return to state court; or

3. He may file a motion, pursuant to the requirements of *Rhines*, asking this

8

court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

Petitioner's failure to choose any of the three options listed above will result in his federal habeas petition being dismissed.  Petitioner is also advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

**IT IS THEREFORE ORDERED** that respondents' Motion to Dismiss (Docket #13) is **GRANTED IN PART AND DENIED IN PART, as follows:**

**Petitioner's ineffective assistance of counsel claims in Grounds One and Two of the petition are exhausted.**

**Petitioner's due process, equal protection, and Fifth Amendment claims in Ground Three of the federal habeas petition are unexhausted**.

**Petitioner's Fourth Amendment claim in Ground Three of the petition is not cognizable and is dismissed with prejudice**.

**IT IS FURTHER ORDERED that petitioner shall have thirty (30) days** to do one of the following: **(1)** inform this Court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition (remaining claims in Ground Three), and proceed only on the ineffective assistance of counsel claims (Grounds One and Two); **OR (2)** inform this Court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; **OR (3)** file a motion pursuant to the requirements of *Rhines v. Weber*, 544 U.S. 269 (2005), asking this Court to hold his exhausted claim in abeyance while he returns to state court to exhaust his unexhausted claims.

**IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted grounds, respondents shall have **thirty (30) days** from the date petitioner serves his declaration of abandonment in which to file an answer or response to petitioner's remaining grounds for relief. Petitioner shall thereafter have **twenty (20) days** following service of respondents' answer in which to file a reply.

9

**IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

DATED this  21st  day of       June      , 2007.

_____
ROGER L. HUNT
Chief United States District Judge